COLSON et al, Respondents, v. JOHNSON et al, Appellants.

(202 N. W. 389.)

(File No. 5414.  Opinion filed February 24, 1925.)

**Vendor and Purchaser—Contracts—Vendor Not Entitled to Deficiency Judgment on Default of Payment Under Land Contract.**

In action to foreclose lien on default of payments under contract for sale of land, and asking for sale under execution, vendor held not entitled to deficiency judgment, but merely to sums paid on purchase price, and foreclosure of vendee's rights, on his failure to comply with contract within time fixed by court.

Appeal from Circuit Court, Brule County; HON. FRANK B. SMITH, Judge.

Suit by Ethel M. Colson and others against Minnie C. Johnson and others. Judgment for plaintiffs, and defendants appeal. Remanded, with directions to modify.

*Henry M. Kidder,* of Fremont, Neb., and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

*Brown & Brown,* of Chamberlain, and *Courtright, Snider, Lee & Gunderson,* of Fremont, Neb., for Respondents.

Appellant cited: Sin You v. Wong Lee, 16 S. D. 383; Hickson v. Culbert, 19 S. D. 207; Kjolseth v. Kjolseth, 27 S. D. 80; First National Bank v. Mather, 29 S. D. 555; Schmidt v. Scanlon, 32 S. D. 608; Cottonwood County Bank v. Case, 25 S. D. 77.

DILLON, J.  This appeal grows out of a contract for the sale of real estate.  Partial peyments were made by the vendee, who then defaulted.  The vendor then brought this action to foreclose the vendee's right under the contract, but in his complaint asked for a sale of the property involved under execution, and for deficiency judgment in case the property did not sell for enough to cover the deferred payments.  Findings of fact, conclusions of law, and judgment were in favor of plaintiff, granting him a deficiency judgment as prayed for in the complaint.

In their brief counsel for the plaintiff say that this is an action to foreclose the vendee's interest in the land described in the contract.  We think this statement is correct, but the plaintiff is not entitled to a deficiency judgment.  He is entitled to retain the sums of money that have been paid on the purchase price, and is entitled to have the vendee's rights foreclosed.

This cause is remanded to the trial court, with directions to modify the judgment, and without further trial, instead of providing for sale on execution, to fix a period within which appellants shall comply with, and, if they do not, then that their rights under the contract shall be forever barred.

ANDERSON, J. not sitting.